IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. JESSIE LEVENT THARPE

**Appeal from the Circuit Court for Henry County**
**No. 13598     Julian P. Guinn, Judge**

---

**No. W2005-00224-CCA-R3-CD  - Filed August 22, 2005**

---

The Appellant, Jessie Levent Tharpe, was convicted by a Henry County jury of evading arrest, possession of drug paraphernalia, and Class B felony possession of cocaine. He was subsequently sentenced to an effective eight-year sentence, which was suspended upon conditions of probation. On appeal, Tharpe raises the single issue of sufficiency of the evidence. Specifically, Tharpe challenges his convictions based upon inconsistencies in the testimony of the State's witnesses. After review of the evidence presented, we find the evidence sufficient and affirm the judgments of conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

W. Jeffery Fagan, Assistant District Public Defender, Camden, Tennessee, for the Appellant, Jessie Levent Tharpe.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant lived with his first cousin, Yvette Somerville, and her two children at Somerville's home in Paris, Tennessee. On September 18, 2003, Somerville, an admitted drug dealer, was arrested for possession of crack cocaine. The undisputed proof at the Appellant's trial established that the Appellant was instrumental in assisting the police in Somerville's arrest. Three days later, while incarcerated in the Henry County Jail, Somerville spoke with Deputy Eddie Forrest

and informed him that her fifteen-year old son, James Meadows, had called and informed her that the Appellant was selling crack cocaine from the residence. Forrest subsequently spoke with Meadows on the phone, and he confirmed that the Appellant had a large quantity of crack cocaine in the house. Forrest obtained written permission from Somerville to search the house.

Forrest, along with four other police officers, proceeded to the residence. Upon arrival, three officers approached the front, and two officers covered the rear of the house. Forrest, the lead officer, pounded on the front door while another officer announced "Sheriff's Department." Hearing someone running in the house, Forrest drew his weapon and began hitting the door with his shoulder in an attempt to gain entrance. The door flew open, and the Appellant ran straight at Forrest, screaming loudly. The Appellant ran into the deputy, knocking the gun from his hand. Forrest was pushed into another deputy who fell to the ground. Forrest grabbed the Appellant's shirt, and a struggle ensued, which ended when the Appellant's shirt ripped. The Appellant ran but was caught by the officers at the edge of the yard. Another struggle then ensued before the Appellant was taken into custody.

Entering the residence, the officers found 42.7 grams of crack cocaine located in plain view on the kitchen table. A portion of the cocaine had been cut into small pieces with a razor blade and packaged for distribution. The officers also found a set of digital scales in a kitchen cabinet and several plastic sandwich bags with the corners removed, both items commonly used in the packaging of cocaine for sale. The Appellant was the only person inside the home.

On November 3, 2003, a Henry County grand jury returned a three-count indictment against the Appellant charging him with: (1) evading arrest; (2) Class B felony possession of cocaine in excess of .5 grams; and (3) possession of drug paraphernalia. After an August 2, 2004 jury trial, the Appellant was convicted on all three counts as indicted. The Appellant was sentenced to eight years, as a Range I offender, for the felony drug conviction and to terms of eleven months and twenty-nine days for the two misdemeanor convictions. The Appellant's sentences were ordered to be served concurrently with one another but consecutively to an effective sixteen-year sentence for aggravated robberies.[1] The trial court ordered that the effective eight-year sentence be suspended following the Appellant's service of the remainder of the sixteen-year Department of Correction sentence. The Appellant's motion for new trial was subsequently denied, with this appeal following.

## Analysis

On appeal, the Appellant raises the single issue of sufficiency of the evidence. He asserts "that the inconsistencies in the State's case are such that there was not a showing of sufficient evidence to convict the [Appellant] in this case." Specifically, the Appellant challenges inconsistencies between the testimony of Yvette Somerville and James Meadows regarding the Appellant's sale of drugs from the home. Additionally, the Appellant asserts inconsistencies in the

---

[1]On the date of the instant crimes, the Appellant was on parole from an effective sixteen-year sentence for eight aggravated robberies in Henry County.

testimony of Somerville with regard to whether she told others that she was seeking revenge against the Appellant and inconsistencies in Meadows' testimony with regard to whether he had "set up" the Appellant.

While the record reflects various inconsistencies in the testimony of the witnesses, the Appellant's argument of inconsistent testimony is misplaced. The relevant question upon a sufficiency review of a criminal conviction, be it at the appellate or trial level, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e); Tenn. R. Crim. P. 29(a). *Jackson v. Virginia* addresses two important aspects of a sufficiency review: (1) the manner of review of the convicting evidence and (2) the standard of review for legal sufficiency. The scope of our examination of the evidence is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime. Again, we emphasize our inquiry is not upon the weight of the evidence or its inconsistency but, rather, whether there is proof of the crime beyond a reasonable doubt.

In view of the controlling principles of *Jackson v. Virginia* and Tenn. R. App. P. 13(e), we find it unnecessary to address the Appellant's argument that inconsistent testimony given at trial raised a reasonable doubt as to his guilt. We examine the record for evidence of guilt most favorable to the State. Viewed in the light most favorable to the State, the evidence is sufficient to support the Appellant's convictions for evading arrest, Class B felony possession of cocaine, and possession of drug paraphernalia. *See* Tenn. Code Ann. § 39-16-603(a)(1)(A) (2003), § 39-17-417(a)(4) (2003), § 39-17-425(a)(1) (2003). The Appellant was found alone inside the residence he occupied with 42.7 grams of cocaine, which was being prepared for sale. The search of his residence also yielded digital scales, a razor blade, a scanner, and several plastic sandwich bags with the corners torn off, all items known to be used in drug trafficking. When the police arrived, in full uniform and in patrol cars, the Appellant attempted to flee, knocking at least one officer to the ground. He was pursued by four officers and continued to resist arrest even after he was tackled and knocked to the ground. Based upon these facts, we conclude that the evidence is legally sufficient to permit a rational trier of fact to find the Appellant guilty of the crimes beyond a reasonable doubt.

## CONCLUSION

Based upon the foregoing, we conclude that the evidence is sufficient to support the Appellant's convictions for evading arrest, Class B felony possession of cocaine, and possession of drug paraphernalia. Accordingly, the judgments of conviction are affirmed.

_____
DAVID G. HAYES, JUDGE